IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNIE HOLLOWELL, # B-82943,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 13-cv-00744-JPG |
| | ) |
| **ST. CLAIR COUNTY JAIL,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Donnie Hollowell, an inmate currently incarcerated at St. Clair County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff is serving a 2-year sentence for possession of methamphetamine. Plaintiff's claims arise from the death of his brother, another inmate, at St. Clair County Jail.

### The Complaint

The allegations in Plaintiff's complaint span a single paragraph (Doc. 1, p. 5). Plaintiff alleges that his brother, Timothy Hollowell, died while he was incarcerated at St. Clair County Jail. He provides no details regarding his brother's death, including the cause of death, the date of death, or the circumstances surrounding the death. Plaintiff simply alleges that "the jail could have done more to prevent his death." Plaintiff now seeks "to sue for [the] wrongful death of Timothy Hollowell" (Doc. 1, p. 6).

### Merits Review Under § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the

complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

After fully considering the allegations in the complaint, the Court concludes that it fails to state any cognizable claim and shall be dismissed.  It is settled that a civil rights claim brought under 42 U.S.C. § 1983 is a claim that survives under the Illinois Survival Act, 755 ILCS 5/27-6.  *See Anderson v. Romero*, 42 F.3d 1121, 1123 (7th Cir. 1994); *Bennett v. Tucker*, 827 F.2d 63, 68 (7th Cir. 1987); *Beard v. Robinson*, 563 F.2d 331, 333 (7th Cir. 1977).  However, a person does not have standing to bring a survival claim until he is appointed as executor or administrator of the decedent's estate under the Illinois Probate Act, 755 ILCS 5/9-4.  In addition, an administrator of the estate cannot proceed without counsel, even if he is the sole heir.  Although individuals may represent themselves in federal court, an individual (who is not a licensed attorney) cannot represent any other individual or legal abstraction, such as a corporation or trust, not even if that individual is the agent or the administrator. *See U.S. v. Taylor*, 569 F.2d 448, 451 (7th Cir. 1978) (law license requirement); *Scandia Down Corp. v. Euroquit, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) (corporate representation); *Knoefler v. United*

*Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994) (non-lawyer trustee could not represent trust); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987) (non-lawyer purported trustee could not represent trust).  Plaintiff has not alleged that he is the administrator or executor of his brother's estate.   Further, Plaintiff is not represented by counsel.  Accordingly, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Defendant **ST. CLAIR COUNTY JAIL** is **DISMISSED** from this action without prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  A dismissal without prejudice may count as a strike so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  August 19, 2013**

                                                         s/J. Phil Gilbert
                                                         **United States District Judge**